IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC. and ABBVIE INC., | ) |
| | ) |
| Plaintiffs/ | ) |
| Counter-Defendants, | ) |
| | ) |
| v. | ) C.A. No. 23-272 (JFM) |
| | ) |
| MANKIND PHARMA LTD., | ) |
| | ) |
| Defendant/ | ) |
| Counter-Plaintiff. | ) |

**PLAINTIFFS ALLERGAN, INC. AND ABBVIE INC.'S MOTION TO STRIKE
DEFENDANT MANKIND PHARMA LTD.'S INVALIDITY CONTENTIONS**

Plaintiffs Allergan, Inc. and AbbVie Inc. respectfully move to strike Defendant Mankind Pharma Ltd.'s invalidity contentions concerning U.S. Patent No. 7,851,504 (the "'504 patent"). On September 27, 2023, Mankind stipulated not to contest the validity of the '504 patent, that "all discovery pertinent only to patent validity … is not relevant to any party's claims or defenses," and "to forgo this discovery and withdraw all such discovery already extant in this case."  D.I. 59, at ¶¶ 1, 4.  The Court then ordered that stipulation, and its Order remains in effect.  D.I. 60, at ¶¶ 1, 4.  Over eight months later on June 7, 2024, Mankind sought leave to withdraw that stipulation and amend its pleadings to add an invalidity defense.  D.I. 92.  Plaintiffs opposed.  D.I. 99 ("Plaintiffs Opposition").  Mankind replied (D.I. 108) and the Court set oral argument for July 18 (D.I. 101).  Mankind's motion is pending.

Mankind knowingly violated the Court-Ordered validity stipulation by serving invalidity contentions on June 26, 2024.  D.I. 106.  In yesterday's reply, Mankind argues that "the parties had negotiated" that date (D.I. 108 at 8), but Plaintiffs only agreed to that date for *non-infringement*

*contentions*, and specifically objected to that date—or *any* date—for invalidity contentions.  D.I. 87 at 1 n.1.

Mankind did not seek leave of Court prior to (or even contemporaneously with) serving its contentions, but rather served them without permission and in violation of this Court's Order. Mankind further admitted that its contentions are not relevant to any issues in the case now and may only be relevant "if the Court vacates the validity stipulation and grants Mankind leave to amends [sic] its Answer."  D.I. 93 at 18 n.8.  Even in reply, Mankind continues to flout the Court's Order.  Mankind argues that the Court could hold its motion to vacate the stipulation "in abeyance" and allow discovery to proceed, but "not yet vacate the stipulation."  D.I. 108 at 10.  But that result is incongruous, since it is the stipulation itself that forbids any validity discovery.

Mankind's violation of the Court's Order—one Mankind stipulated to—undermines the integrity of the Court and its Orders.  Mankind should not be permitted to choose to ignore the Court's Orders as it pleases.  That is particularly so here, where, as described in Plaintiffs' Opposition, Mankind has no good cause to introduce this new theory now that the case is less than a month from the close of fact discovery, when it could have sought permission to do so over eight months ago.  Plaintiffs' Opposition at § IV.

Plaintiffs respectfully request that the Court strike Mankind's invalidity contentions.

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Michael N. Kennedy
Brianne Bharkhda
Douglas A. Behrens
Jia Hui Jiang
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
(202) 662-6000

David P. Frazier
Michael A. Morin
Rebecca L. Rabenstein
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004
(202) 637-2200

Alex Grabowski
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
(312) 876-7700

Chaarushena Deb
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

Yi Sun
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400

July 3, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs and Counter-Defendants Allergan, Inc. and AbbVie Inc.*

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that Delaware counsel for the parties discussed the subject of the foregoing motion and were unable to reach agreement.

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC. and ABBVIE INC., | ) |
| | ) |
| Plaintiffs/ | ) |
| Counter-Defendants, | ) |
| | ) |
| v. | ) C.A. No. 23-272 (JFM) |
| | ) |
| MANKIND PHARMA LTD., | ) |
| | ) |
| Defendant/ | ) |
| Counter-Plaintiff. | ) |

### [PROPOSED] ORDER

Having considered Plaintiffs Allergan, Inc. and AbbVie Inc.'s Motion to Strike Defendant Mankind Pharma Ltd.'s Invalidity Contentions, **IT IS HEREBY ORDERED** this _____ day of _____, 2024 that:

1. Plaintiffs' Motion to Strike is **GRANTED**; and

2. Defendant Mankind Pharma Ltd.'s invalidity contentions concerning U.S. Patent No. 7,851,504 are **STRICKEN**.

_____
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 3, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Neal C. Belgam, Esquire<br>Daniel A. Taylor, Esquire<br>SMITH, KATZENSTEIN & JENKINS LLP<br>1000 West Street, Suite 1501<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Andrew J. Miller, Esquire<br>Alan H. Pollack, Esquire<br>Kiersten A. Fowler, Esquire<br>WINDELS MARX LANE & MITTENDORF LLP<br>1 Giralda Farms<br>Madison, NJ  07940<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Joanna Garelick Goldstein, Esquire<br>WINDELS MARX LANE & MITTENDORF, LLP<br>156 West 56th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)