IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC. and ABBVIE INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> MANKIND PHARMACEUTICALS LTD., <br><br> Defendant/Counterclaim Plaintiff. | C.A. No. 23-272-JFM |

### DEFENDANT MANKIND PHARMA LTD.'S OPPOSITION TO PLAINTIFFS ALLERGAN, INC. AND ABBVIE INC.'S MOTION TO STRIKE MANKIND'S INVALIDITY CONTENTIONS

Defendant, Mankind Pharma Ltd. ("Mankind"), respectfully opposes the motion to strike Mankind's Invalidity Contentions ("Contentions Motion") (D.I. 110) filed by Plaintiffs, Allergan, Inc. and AbbVie, Inc. (collectively, "Allergan"). Allergan's Contentions Motion is a continued attempt to shut down Mankind's invalidity argument based on double patenting ("DP"). By precluding this argument, Plaintiffs seek to prolong the life of an invalid patent, U.S. Patent No. 7,851,504 (the "'504 patent") and prevent generic competition to its LUMIGAN® ophthalmic product.

### I.  ARGUMENT

Allergan argues that Mankind's Contentions should be stricken because they were served in violation of the validity stipulation between the parties. (D.I. 110). But, Mankind has moved to vacate that stipulation and amend its Answer to include an affirmative defense of double patenting. (D.I. 92) ("Motion to Vacate"). Mankind will withdraw the Contentions if that

Motion to Vacate is denied.[1] In fact, a ruling on the Motion to Vacate should resolve all of the issues of these two pending motions, and all of Mankind's arguments in opposition to the instant Contentions Motion are addressed in its briefing on the Motion to Vacate. (D.I. 93; D.I. 109).[2]

In that briefing, Mankind explains in detail why it served the Invalidity Contentions when it did. In sum, Mankind is ensuring that any DP discovery should be completed on the current schedule to keep this case on track to be tried as scheduled in January 2025. (D.I. 31, ¶ 13). Mankind has therefore served the Contentions and provided DP fact discovery (although Mankind doubts that it is "necessary" discovery). Mankind was forthcoming with this discovery so that if the Federal Circuit affirms *Allergan v. MSN*, 2023 U.S. Dist. LEXIS 172641 (D. Del. 2023) ("MSN Decision"), *on appeal* Case No. 24-1061 (Fed. Cir.) (oral argument heard May 9, 2024), and a change-in-law for DP is announced, the parties can seamlessly add the affirmative defense of DP into this litigation without extending the discovery schedule. Notably, as discussed in the Motion to Vacate, a revision to the schedule would prejudice Mankind by delaying a ruling on Mankind's non-infringement position.

Allergan's Contentions Motion is a continued attempt to eliminate Mankind's DP challenge and prolong this litigation *even if* a change to DP law renders the '504 patent invalid. But if the expected change in DP is announced by the Federal Circuit, then Mankind should be permitted to challenge the patent for DP. Maintaining the suit of an invalid patent does not

---

[1] In the meet and confer on this motion, Mankind told Plaintiffs that this Contentions Motion was not necessary and that Mankind would withdraw its Contentions if the Motion to vacate was denied.

[2] If Mankind's Motion to Vacate is granted, and DP is then pled as an affirmative defense in the case, it seems that Plaintiffs would want the benefit of having Mankind's Invalidity Contentions. So the timing of the instant and stand-alone Contentions Motions is confusing. Instead, Plaintiffs could have asked the Court to strike the Contentions if it denies the Motion to Vacate, and that way the Contentions are stricken only if the invalidity issues are not going to be included in the case. Of course, Mankind would withdraw the Contentions if the Motion to Vacate is denied.

benefit anyone – not the parties nor the Court who will be forced to spend time and money litigating an invalid patent and certainly not the patients who would benefit from the lower prices upon market entry of a generic LUMIGAN® product.

## II.     CONCLUSION

For the foregoing reasons, Plaintiffs' Contentions Motion should be denied.

Dated: July 17, 2024

*Of Counsel:*

Andrew J. Miller
Alan H. Pollack
Kiersten Fowler
**WINDELS MARX LANE & MITTENDORF, LLP**
One Giralda Farms, Suite 100
Madison, NJ 07940
(973) 966-3200
amiller@windelsmarx.com
apollack@windelsmarx.com
kfowler@windelsmarx.com

Joanna Garelick Goldstein
**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th St, 22nd Floor
New York, NY 10019
jgoldstein@windelsmarx.com

**SMITH, KATZENSTEIN & JENKINS LLP**

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendant Mankind Pharmaceuticals Ltd.*